---
Klock *v.* Buell.
---

———•••———

### KLOCK & OULD *vs.* BUELL.

In January, 1865, the parties to this action, and several other persons, entered into an arrangement with each other to purchase of W. 700 or 800 acres of land in Venango county, Pennsylvania. For that purpose, forty-five shares, at $1000 per share, were to be subscribed for, and upon the payment of his subscription by each shareholder he was entitled to an interest in the lands proportioned to the shares held by him. The forty-five shares were all subscribed, the defendant subscribing $1000. F. thereupon purchased the lands, for the shareholders, taking a deed therefor, in his own name, but in trust for them. Subsequently the defendant paid to F. $1000, and received from him the following writing, dated January 25, 1865: "Received of D. C. B. $1000 in full for one forty-fifth part of the land in Venango county, Pennsylvania, purchased of W. by F." The shareholders executed a power of attorney to F. authorizing him to sell or lease the land, or any part of it, he covenanting to account and pay over to the parties, *pro rata,* all moneys received by him from sales; under which power, F. sold and conveyed ninety-three acres of the land for $19,000, and received the avails. On the 9th of May, 1865, F. mailed to the defendant a check for $422.22, which was received by the latter on the 10th of May, in the afternoon, and was paid.

Klock *v.* Buell.

On the same day, between 11 and 12 o'clock A. M., the defendant in consideration of $1500 dollars to him paid by the plaintiffs, executed the following assignment to them, indorsed upon the back of the receipt of January 25, 1865 : " For value received, I hereby *assign* all my right, title and interest in the within named land, to K. and O." Both parties to this assignment were, at the time of executing it, ignorant of the fact that F. had received the $422.22, or mailed a check for it to the defendant.

*Held,* 1. That the assignment, construed in connection with the receipt, passed to the plaintiffs all the defendant's interest in the land, which included one forty-fifth part of the proceeds of the land already sold by F., as well as of all sums to be realized from subsequent sales, &c.

2. That the plaintiffs were entitled to recover of the defendant the amount received by him upon F.'s check.

A judgment entered upon the report of a referee will not be reversed for an error in admitting improper testimony, where it appears that such testimony could not have influenced the referee in any of his findings of fact, nor have affected the decision of the legal question involved, the legal conclusion being warranted by the facts found.

APPEAL from a judgment rendered upon the report of a referee.

The facts found and reported by the referee are as follows : In the month of January, 1865, one James Frazee purchased and received a deed, in his own name, for seven or eight hundred acres of land lying in Hickory township, Venango county, Pennsylvania, which purchase was made of one Moses Walters. At the time of the purchase, or shortly prior thereto, Frazee, with the parties to this action and several others, had entered into an arrangement to make the purchase, and for that purpose forty-five shares, at $1000 per share, were to be subscribed for, and upon the payment by the shareholder, of the shares subscribed by him, he was entitled to an interest in the lands proportional to the shares held by him. The forty-five shares were all subscribed, the plaintiffs subscribing $2500, and the defendant subscribing $1000. The conveyance was taken by Frazee in trust for the persons so subscribing for the shares.

On the 25th of January, 1865, the defendant paid to

Frazee the sum of $1000, and received from him on such payment the following writing:

"Received of D. C. Buell, one thousand dollars in full for 1-45th part of the land in Venango county, Pennsylvania, recently purchased of Moses Walters, by James Frazee.                   C. A. PERKINS, for
                                              JAMES FRAZEE."

Perkins was the duly authorized agent of Frazee to receive the money.

In April, 1865, Frazee negotiated for a sale of part of the lands so purchased by him; and for the purpose of such sale, a power of attorney was made and executed by the several parties entitled to an interest in the lands, authorizing Frazee to sell or lease the land or any part of it, upon such terms as he should deem proper; and to make and execute the necessary conveyances; and Frazee, who was also a party to the power, covenanted to account and pay over to the parties, *pro rata*, all moneys received by him from sales.

In that same month, and after the execution of the power of attorney, Frazee sold and conveyed ninety-three acres of the land for $19,000, and received the avails.

On the 9th of May, 1865, Frazee deposited in the post-office at Baldwinsville a check for $422.22, enclosed in an envelope directed to the defendant, at his residence at Oswego. The check was payable to the order of the defendant, and he received it in the afternoon of the 10th of May, 1865, and afterwards received the money on the check.

On the 10th of May, 1865, between 11 and 12 o'clock in the forenoon, the defendant, in consideration of $1500 to him paid by the plaintiffs, made, executed and delivered to them a writing, in the words and figures following:

"For value received, I hereby *assign* all my right, title and interest in the within named land to Klock & Ould.
May 10th, 1865.                          D. C. BUELL."

Klock *v.* Buell.

Which assignment was written upon the back of the receipt given to Buell by Frazee on January 25th, 1865, and the same was delivered to the plaintiffs at the time of making the assignment. The plaintiffs and defendant were ignorant of the fact that Frazee had received or mailed the money at the time of making the assignment.

The action was brought to recover of the defendant the sum of $422.22, so received by him on the check. The referee reported in favor of the plaintiffs, for that sum, with interest, and ordered judgment accordingly, which was entered. From that judgment the defendant appealed.

*W. A. Poucher*, for the appellant.

*A. Perry*, for the respondents.

*By the Court*, FOSTER, J. Exceptions were taken to two of the findings of fact; but no question has been raised upon them here, and they are supported by the evidence.

The principal question arises upon the legal construction of the transfer from the defendant to the plaintiffs. It was an assignment of all the right, title and interest of Buell in "the within named land," to Klock & Ould. Construed by itself alone, and without reference to the surrounding circumstances, and independent of the receipt which Buell had received from Frazee, it was meaningless, or so uncertain as to be worthless, but it was executed upon the back of the receipt; and of course both were delivered to the plaintiffs at the same time; and the receipt was a part of the assignment; and, so far as the subject matter of the assignment was concerned, it was the all important part of it. The receipt was for the one forty-fifth part of the whole 700 or 800 acres which was bought of Moses Walters. "For one forty-fifth part of the land in Venango county, Pennsylvania, recently purchased of

Moses Walters by James Frazee." And when the assignment was indorsed upon it in the language which it contained, it passed to the plaintiff all the interest of Buell, in all that land—not the legal title that he had to it, for he had none, but his interest in it. If the parties had intended to pass any thing less than the interest in the whole of it, the transfer would have used words evidently intended to limit it, as by adding the words "remaining unsold," after the word "land." The language of the transfer is very comprehensive, and when taken in connection with the receipt of Frazee to Buell, it is the same as though it read "I hereby assign all my right, title and interest in the one forty-fifth of all the lands which Walters sold to Frazee." Strictly speaking, the defendant, at the time of making the assignment to the plaintiffs, had no title whatsoever in the land; for, in the first place, the whole legal title of it was vested in Frazee. And besides, the defendant and his associates had authorized Frazee to sell and convey it at his own discretion, and had taken his agreement to pay them, each, their appropriate share of the net proceeds, when received by him; so that in fact it was the one forty-fifth part of the proceeds which belonged to Buell, and the proceeds was all that he assigned to the plaintiffs. And it was the one forty-fifth part of the proceeds, and just as much one forty-fifth part of the proceeds which had already come to the hands of Frazee, as of those which he should afterwards obtain by sales or leases, or otherwise.

The assignment shows that Buell sold all his interest in the instrument which he had made, and that the plaintiffs were as much entitled to the $422.22 as they were to the sum or sums to be realized by subsequent sales of the land.

Some questions were raised on the trial upon the admissibility of evidence, and exceptions were taken by the defendant's counsel to the rulings thereon of the referee;

Klock *v.* Buell.

but.only one of them is presented by the counsel to us. Hiram Klock, who was a witness for the plaintiffs, testified that on the 11th day of May, 1865, he made a demand of the $422.22 of the defendant; and the plaintiffs' counsel proposed to prove by him that he then said to the defendant, "You sold us that stock at 11 o'clock yesterday; did you at two o'clock have any idea that you had anything left of the property?" and that the defendant replied: "Klock, I will be honest with you; I did not think I had anything left." This offer was objected to on the part of the defendant; first, as immaterial and incompetent; secondly, as tending to vary, modify or explain the written assignment; and thirdly, as not the best evidence. The referee overruled the objections and admitted the evidence, and the witness testified as above.

I have no doubt that the referee erred in admitting this testimony. It could not, however, have influenced the referee in any of his findings of fact. It had no bearing upon any of them; nor could it in the least degree affect the decision of the legal question upon the construction of the assignment. That was to be determined upon the facts found, and if I am right in supposing that the facts found warranted the legal conclusion, then by no possibility could the defendant have been prejudiced by the admission of the testimony.

The judgment should be affirmed.

Judgment affirmed.

[ONONDAGA GENERAL TERM, April 7, 1868. *Foster, Morgan* and *Mullin,* Justices.]