## Wheeling.

ZANE v. SAWTELL et al.

(Absent, JOHNSON, JUDGE).

Decided July 7, 1877.

Husband and wife convey land to a trustee in trust to sell the same and pay to the husband out of the purchase money a certain sum and pay the balance of the purchase money to the wife as her separate property. HELD:

I. This is a conversion of the land into personalty.

II. A subsequent conveyance by the husband of all his right, title and interest in and to this land is valid to convey his right to so much of the purchase money of this land, when it shall be sold by the trustee, as by the first deed the husband was entitled to.

An appeal from, and *supersedeas* to, a decree of the circuit court of Ohio county, pronounced on the 7th day of February, 1876, in a cause in chancery then pending in said court, in which James W. Zane, was plaintiff, and Gilbert G. Sawtell and Platoff B. Zane were defendants.

The appeal was allowed upon the petition of the plaintiff, James W. Zane.

Hon. Thayer Melvin, Judge of the first judicial circuit, rendered the decree appealed from.

GREEN, PRESIDENT, who delivered the opinion of the Court, furnishes the following statement of the case:

The plaintiff, James W. Zane, filed his bill at the

1877.
June Term.

Zane
v.
Sawtell *et al.*

August rules, 1875, in which he states that on January 17, 1861, he and his wife, Caroline V. Zane, conveyed to her brother, Theodore Fink, some fourteen or fifteen acres of land on Wheeling Island, which belonged to the plaintiff, and also his personal property, and by the terms of this deed, as a part of the consideration therefor, the grantee was to pay off certain debts of the plaintiff, exceeding $4,000.00, in amount. The consideration for this deed was stated on the face of the deed as $4,000.00. The plaintiff alleged that though this deed was, on its face, an absolute deed, it was in reality intended as a deed of trust to secure these debts only, and that the grantee paid no consideration for this land or personal property, the property being worth $25,000.00, and remaining in the possession of the plaintiff.

On April 18, 1865, this trustee, Theodore Fink, and his wife, with assent of the plaintiff and his wife, conveyed this real estate to his father, John Fink, who by the terms of the deed was to pay off plaintiff's aforesaid debts, This deed, though absolute on its face, was understood to be a deed of trust to secure the payment of these debts. But on March 12, 1872, John Fink and his wife, pretending to own this property, in consideration of love and affection to their daughter, the plaintiff's wife, conveyed eight acres of said land to her. In 1873 the plaintiff brought a suit in the circuit court of Ohio county to have the trusts which really attached to said land, declared and executed, and after the payment of plaintiff's said debts, to have the residue of said real estate put under his control, which suit is still pending. These eight acres of land were worth then $50,000.00.

This suit progressed slowly, and on April 14, 1874, the plaintiff and his wife made an agreement with reference to about five acres of this land, being certain lots not exceeding twenty-one, and the plaintiff and his wife that day conveyed them to her brother, Theodore Fink, as trustee, upon trust that he should sell and dispose of them as occasion should offer, and when he

should sell any one of these lots, he should pay the plaintiff out of the first money, $100.00, and the remainder of the purchase money, less the reasonable commissions of the trustee, he should pay to the plaintiff's wife as her separate property. And by the terms of this deed this assignment was to have no influence on the remainder of the property then in litigation between the plaintiff and his wife. This property was worth $15,000.00. Nine days afterwards the plaintiff for a valuable consideration conveyed to Gilbert G. Sawtell, with special warranty of title "all the right, title and interest of the plaintiff in and to all the property conveyed by the plaintiff and his wife, to Theodore Fink, by said deed of January 17, 1861, excepting the personal property named in the deed, this deed was dated April 23, 1874, all of these deeds were promptly recorded. Theodore Fink having died, the plaintiff's son, Platoff B. Zane, was appointed trustee in his stead, in the deed of April 14, 1874. And as such trustee he sold two of the twenty-one lots named in this deed and received more than $200.00 of the purchase money, but refused to pay it over to the plaintiff as provided for in this deed, because Gilbert G. Sawtell, claimed that under the deed to him by the plaintiff, of date April 23, 1874, he was entitled to receive this $200.00. And the bill asks that Platoff B. Zane, the trustee, be required to pay this $200.00, to the plaintiff and also $100.00, on every lot he should thereafter sell, that Sawtell's claim be declared unwarrantable and of no effect both with reference to the $200.00 as also in reference to any of the purchase money of lots that might afterwards be sold by Platoff B. Zane, the trustee, and for general relief.

In October, 1875, the trustee, Platoff B. Zane, filed his answer admitting the sale of the two lots before the institution of the suit and eleven lots since and stating that he had deposited with the general receiver of the court $1,300.00 of the purchase money. On January. 6, 1876, Sawtell filed a general demurrer to the bill

claiming that the deed made by the plaintiff to him passed to him the plaintiff's claim of $100.00 on each lot sold by the trustee and plaintiff joined in the demurrer. On February 7, 1876, the court by its decree sustained this demurrer and the plaintiff not desiring to amend his bill the court dismissed the bill and decreed that the plaintiff pay to the defendant Sawtell his costs. And from this decree the plaintiff appealed.

*Henry M. Russell,* for appellants :

1st. The deed of April 14, 1874, worked an equitable conversion of the property named therein into personalty, and left in J. W. Zane no estate in the land which the deed of April 23, 1874, could operate on. *Harcum's adm'r* v. *Hudnall,* 14 Gratt., 369 ; *Washington's ex'or* v. *Abraham,* 6 Gratt., 66 ; *Bell's adm'r* v. *Humphrey,* 8 W. Va., 1 ; *Tazewell* v. *Smith's adm'r,* 1 Rand., 313 ; *Pratt* v. *Taliaferro,* 3 Leigh, 419.

The rule stated in U. S. Supreme Court : *Craig* v. *Leslie,* 3 Wheat., 563 ; *Peter* v. *Beverly,* 10 Peters., 532 ; *Neilson* v. *Lagow,* 12 How., 98.

The rule is the same in England : 2 Story's Eq. Jur., §379, note 2 ; *Ackroyd* v. *Smithson,* 1 White & Tudor's L. C., 809.

Also in Pennsylvania and New York : *Morrow* v. *Brenizer,* 2 Rawl., 185 ; *Allison* v. *Wilson,* 13 Serg. & Rawl., 330 ; *Willing* v. *Peters,* 7 Barb., 287, and cases cited ; *Germond* v. *Jones,* 2 Hill N. Y., 569.

2d. The rule as to equitable conversion operates as well where the conveyance is by deed as where it is by will. *Washington's ex'ro* v. *Abraham,* 6 Gratt., 66 ; *Neilson* v. *Lagow,* 12 How., 88 ; *Craig* v. *Leslie,* 3 Wheat., 563.

3d. The right of J. W. Zane to $100.00 upon the sale of each lot, after the deed of April 14, 1874, was simply a charge upon the land, and not an estate therein which would pass with other real estate conveyed by the deed of April 23, 1874 ; in case of a charge on lands, the beneficiary has no interest in the land itself. *Bailey* v.

*Elkins*, 7 Ves., 323; *Taft* v. *Morse*, 4 Metc., 528; *Morrow* v. *Brenizer*, 2 Rawle, 185.

4th. *Siter* v. *McClanahan*, 2 Gratt., 280, distinguished for the following reasons: 1. The conveyance as land was an election by the beneficiaries to take as land. 2. The contest is between the equities of incumbrancers who have only equities. 3. The mortgage to McClanahan mentions the specific property, and conveys nothing if not that. 4. The case cannot be reconciled with later cases cited.

*W. P. Hubbard* for appellee:

1. Zane, after the deed of April 14, had an interest *in the land*; and such interest passed to Sawtell by the deed of April 23, 1874. White & Tudors Leading Cases in Equity, 799, 783, 784, 791, 792, 785, 794, 795, 797; *Harcum's adm'r* v. *Hudnall*, 14 Gratt., 373, 377; Leigh & Dalzell, on Conversion 5 Law Library 27; *Craig* v. *Leslie*, 3 Wheat., 578; *Pratt* v. *Taliaferro*, 3 Leigh., 428; *McClanahan* v. *Siter*, 2 Gratt., 296.

2. Whatever Zane's right under the deed of April 14, was, whether real or personal, it passed to Sawtell by the deed of April 23, 1874. Code of W. Va., ch. 71, §5; ch. 72, §2; *Davis*, v. *Christian* 15 Gratt., 11, 36; *Siter*, v. *McClanahan* 2 Gratt., 280, 296, 297, 315; *Klock* v. *Buell*, 56 Barb., 398.

GREEN, PRESIDENT, delivered opinion of the Court:

The only question involved in this cause, is the true construction of the deed of April 23, 1874, whereby, James W. Zane the appellant, conveyed to Gilbert G. Sawtell, the appellee, with special warranty of title, "all the right, title and interest of the said James W. Zane, in and to a certain parcel of land" specifically described. This land included in its boundaries, 21 lots which on April 14, 1874, had been conveyed by James W. Zane and Caroline V. Zane, his wife, to Theodore Fink "in trust that he should sell and dispose of said lots as occa-

sion might fairly offer, and when he shall sell any one of them, he shall pay to said James W. Zane, out of the first money $100.00, and the remainder of the purchase money less a reasonable commission, shall be paid to Caroline V. Zane as her separate property." The appellee, Gilbert G. Sawtell, contends that by the deed to him, James W. Zane conveyed or assigned to him his claim for $100.00 for each lot, as the same might from time to time be sold by the trustee, and on the other hand, the appellant contends he that had "no right, title or interest in or to these twenty-one lots, but only a personal demand upon the trustee for $100.00 on each lot he sold, when and as they were sold, and that this demand did not pass to Sawtell by his deed to him.

Unquestionably the deed of James W. Zane and wife in the view of a court of equity, impressed on these twenty-one lots the character of personality, and that upon his death his interest in these lots would have passed to his personal representitive as personalty, and not to his heirs as reality. This is a sequence of the familiar principle, that a court of equity regards lands deeded or devised to be sold and converted into money, or money either articled or bequeathed to be invested tn land as having the character of property into which it is to be converted, though the actual conversion by sale or purchase as the case may be, has not been actually efiected. *Harcum's adm. &c.* v. *Hudnall,* 14 Gratt. 369 ; *Washington's ex'or.* v. *Abraham &c.* 6 Gratt. 66 ; *Tazewell et al.* v. *Smith's adm'r,* 1 Rand. 315 ; *Pratt* v. *Taliaferro* 3 Leigh 419 *Morrow* v. *Brenizer,* 2 Rawle, 185 ; *Allison* v. *Wilson's ex'or.,* 13 S. & R. 330 ; *Edwards and wife* v. *Countess of Warwich,* 2 P. Wms., 171–175 n.; *Cruise* v. *Barley,* 3 P. Wms., 22, n. 1 ; *Craig* v. *Leslie,* 3 Wheat. R., 563. The appellants' counsel contends that as this deed of Zane and wife to Fink, trustee, in the view of a court of equity impressed these twenty-one lots with the character of personality, that Zane had after the execution of this

deed, no right, title or interest in or to these twenty-one lots; and that, therefore, his conveyance to Sawtell, did not operate to press his demand on the trustee, created by this deed. Is this position tenable? The rights of Mrs. Zane under this deed, are of precisely the same character as those of her husband. So that if the deed from Zane to Sawtell is ineffective to carry his interest created by the deed of April 14, 1874. A deed from Zane and wife to Sawtell, conveying all their right, title and interest in and to these twenty-one lots would be equally ineffective to convey anything. The question then which we are considering, will not be changed if we regard it, as, what is the nature of the right of a grantor under a deed conveying land to a trustee to sell and pay over the proceeds to the grantor. The right of such grantor under such a deed is of precisely the same character as that of Zane under the deed of April 14, 1874. It is obvious that the trustee has nothing but a naked legal title to the land, the right to the possession of the land and the enjoyment of the rents, issues and profits thereof would after the execution of such a deed still remain with the grantor, the trustee having in a court of equity, no right or interest in the land. See *Siter, Price & Co.* v. *McClanahan*, &c., 2 Gratt., 313, 314. And should the grantor so elect, he might by applying to a court of equity compel the trustee to convey to him even the legal title of the land for a party entitled to the beneficial interest, though the subject be thus stamped with the character of personalty may elect to hold it as land. See *Harcum's adm'r* v. *Hudnall*, 14 Gratt., 374 and cases above cited. Can, then, the fact the grantor has impressed his land in the view of a court of equity with the character of personalty, destroy all his right in, or to the land when he would at all times have a right to the possession of the land and to the enjoyment of the rents and profits and when, moreover, he would have a right to compel the trustee to convey the land to him whenever he choose.

Would it not be a perversion of language to say he had no right in or to this land? And ought not his conveyance of all his right, title and interest in such land be effective to transfer to the grantee all these rights which he himself has? Real estate bought with partnership effect, for partnership purposes, is, though conveyed to the partners individually impressed with the character of personalty; yet such property is effectually conveyed by a deed executed by the partners describing it as real estate. *Davis* v. *Christian*, 15 Gratt., 11. I can not see why the grantor might not convey land which he had thus impressed with the character of personalty by a deed describing it still as land. Such a deed ought not to be regarded as ineffectual because in it the grantor failed to recite that the land had been previously impressed with the character of personalty It was so expressly held in the case of *Siter, Price & Co.* v. *McClanahan*, 2 Gratt., 280. In that case the grantors had conveyed land to a trustee to sell for the use and benefit of the grantor. This the court held impressed upon it the character of personalty. The grantor subsequently gave a mortgage on this land simply describing it as land just as though they had not impressed it with the character of personalty. The court held this mortgage to be effectual. Judge Baldwin says: "nor can it be supposed that the mortgage is less effectual because it does not notice the new character impressed upon the land thereby conveyed. It was still land and properly described as such, though impressed with the character of personalty; and the instrument embraced all the right and title of the mortgagor, in and to the subject of whatever nature that may have been in the contemplation of a court of equity." 2 Gratt., p. 297. This decision also accords with the decision of the supreme court of New York in the case of *Klock* v. *Buell*, 56 Barb., 398.

The counsel for the appellants rely upon the case of *Bell's adm'r* v. *Humphrey*, 8 W. Va., p. 1, which he re-

gards as inconsistent with the views above expressed. Henry Bell, by his will, among other things, devised certain real estate to be sold by his executor, and to effect this he devised it to his executors with the full powers to sell the same. And he bequeathed the net proceeds of this real estate to be divided equally among his daughters, the share of each to be paid her when she arrived at age, or married. After the death of the testator, and after the youngest daughter had arrived at age, three of the single daughter, and one of the married daughters and her husband, conveyed to Little, each and every of their interest in said land, so devised by Henry Bell's will. And Little conveyed the same to Humphreys. The personal representative of Bell brought an action of ejectment for said land against Humphreys. The court decided that by a fair construction of Bell's will taking all the clauses of the will together, and construing them with reference to the condition of Bell's estate when the will was made the executors of Bell were invested with fee simple in this land in trust to sell the same and pay the net proceeds in money to his daughters, that this devise to the executors broke the inheritance that the executors under this will had a right to the possession of said land and a right to take the rents, issues and profits thereof, that the parties to whom the proceeds of this land had been bequeated had never made any sufficient election to take the land in lieu of the proceeds of the sale and that the personal representative of Bell had, therefore, a right to recover said land of Humphreys, in the action of ejectment. President Haymond in delivering the opinion of the Court, says: "that land directed to be sold is considered as money unless an election be made to take it as land," And in support of this position, among other authorities, he cites *Siter & Price* v. *McClanahan*, 2 Gratt., 280. The case being an action of ejectment did not require of the court to express any opinion as to whether the deeds from the daughters of Bell to Little, conveying their interest in said land, devised by the will of their father, would

1877.
June Term.

Zane
v.
Zane et al.

or would not operate in a court of equity to transfer their claim to the proceeds of the sale of such land, when such sale was made by the personal representative of Bell. Nothing was said on the subject; to have expressed any opinion on this subject would have been entirely foreign to the matter before the Court. President Haymond simply says : "Very soon after the date of the will some of the daughters became married, and their husbands by such marriage, may have become vested with some rights or interest touching the interest of their wives in the devises in question, though it is not now so determined." It is obvious that this case, so far from determining, as the appellant's counsel contends, that these deeds of the daughters were entirely inoperative to transfer anything to the grantee, really throws no light whatever on the construction which would be placed on these deeds or their effect in a court of equity. The cause simply decided that as the personal representative of Henry Bell had the legal title to this land, as well as the right to the possession thereof, that these deeds did not and could not, transfer the legal title to the land nor the right to the possession of the land to the grantee. But the court did not pretend to say that they were inoperative, and did not transfer to the grantor the claim of the daughters to the proceeds of this land when sold by the personal representative of Bell. The court was not called upon, and did not either express or intimate any opinion on this question. For the reasons before given, I am of opinion, that the circuit court properly held that by the deed of the 23d day of April, 1874, the appellant, James W. Zane, transferred and assigned to the appellee, Gilbert G. Sawtell, his interest of $100.00 per lot in each of the twenty-one lots, as set forth in the deed of April 14, 1874, and therefore, properly sustained the demurrer to the bill. As I understand the bill, it claimed that by the true interpretation of the deed of April 23, 1874, Sawtell, the grantee, had no claim to any portion of the purchase money for which the trustee

had or might thereafter sell these twenty-one lots, or any of them, but that the $100.00 per lot reserved to the appellant, in the deed of April 14, 1874, belonged still to him, and it asked the court to so determine and require the trustee to act on this interpretation of the deed of April 24, 1874. But while this is the true character of the bill, there are in it allegations which seem based upon the idea that there was an understanding between the appellant Zane, and the appellee Sawtell, that Zane was to assign to him no portion of the money for which these twenty-one lots might have been, or might thereafter be sold by the trustee. Thus the bill alleges that the plaintiff's attorney, offered to Sawtell the plaintiff's interest in the suit against this plaintiff's wife then pending, which litigation did not include these twenty-one lots then, that said Sawtell agreed to buy that interest, and that only and that the deed of April 24, 1874, was accordingly executed. The bill, however, does not allege that any mistake was made in the drawing of this deed, nor does it ask that the deed be rectified or altered. But, as the plaintiff may be advised to file a bill to have this deed rectified and amended so as to correspond with what is thus vaguely intimated to be the contract between the parties to this deed, the circuit court in dismissing the bill, should have done so without predjudice to the right of the plaintiff to file such a bill. The decree of the circuit court of February 7, 1876, which dismissed the bill simply, should be so amended as to dismiss it without predjudice to any suit or proceeding which the plaintiff may be hereafter advised to institute, to correct any mistake in the deed of James W. Zane to Gilbert G. Sawtell, of date April 2?, 1874, and to make the same correspond with the actual contract between the parties ; and being so amended, said decree must be affirmed, and the appellee, Gilbert G. Sawtell, must recover of the appellant, James W. Zane, his costs about this appeal in this Court expended, and $30.00 damages.

DECREE AFFIRMED.