THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN H. MILLARD, Appellant, v. ALFRED C. CHAPIN, Comptroller of the State of New York, Respondent.

*Void tax sales—duty of the comptroller to refund the amount paid—right of the grantee of the purchaser to enforce it — 1855, chap. 427.*

At the State tax sale of 1859 a number of parcels of land were struck off to one Henderson, who assigned his certificate to one Viele, to whom the property was conveyed by the comptroller. Viele conveyed the lands to one Osborn, and his widow and heirs conveyed them to the relator. The sale for 1859 being void, the relator applied for a *mandamus* under chapter 427 of 1855 to compel the comptroller to refund the amount paid by the purchaser.

*Held*, that the conveyance from the purchaser vested in the grantee the right to recover the purchase-money from the comptroller, and that a *mandamus* should be granted.

Appeal by the relator from an order, entered in Dutchess county refusing a peremptory writ of *mandamus*.

At the state tax sale of 1859 a number of parcels of land in Erie county were struck off to M. Henderson, who paid the amount of his bids to the comptroller. Henderson assigned his certificate to Maurice E. Viele, and the comptroller, in 1862, conveyed the lands to Viele. By a deed of bargain and sale Viele conveyed the lands to Ogden H. Osborn. Millard (the relator) is the owner of all the interest of Osborn, under conveyance from his widow and heirs-at-law and personal representatives. The sale of 1859 was and is void. The amount paid by Henderson for the parcels not redeemed, with interest to the time of the application, was $721.57. It was claimed that Viele had conveyed his interests in the premises to one Peck, but his deed had never been recorded. The relator claims that, by virtue of the various conveyances, he is entitled to the amount paid, with interest, and asked for a *mandamus* against the comptroller, because of his refusal to pay it, for this amount.

*Abram J. Rose*, for the appellant.

*D. O'Brien*, attorney general, and *C. F. Tabor*, for the respondent.

PRATT, J.:

The sale by the comptroller was void, and his deed conveyed no title. The act of 1855 (chap. 427) was passed to protect purchasers at such sales, and conveyances made since that act should be construed as if containing a covenant to refund to the grantee, his representatives' and assigns, in event of failure of title, the purchase-money with interest at seven per cent. The principal question to be considered is whether the deed from Viele and wife to Osborn carried with it the right to receive and demand the money that had been paid to the comptroller on the purchase. The question is by no means free from difficulty, but we think that under the decisions it must be held that the conveyance, failing to transfer the title to the land, vested in the grantee the right to recover the purchase-money from the comptroller. (*Jackson* v. *Bowen*, 7 Cow., 13; *Robinson* v. *Ryan*, 25 N. Y., 320; *Klock* v. *Buell*, 56 Barb., 398; *Danforth* v. *Suydam*, 4 N. Y., 66.)

The deed was recorded in the proper county and was notice of the rights of the grantee. The conveyance was also brought to the actual notice of the comptroller, who refunded to Osborn the purchase-money of one of the parcels conveyed. The alleged conveyance to Peck was not recorded, and if it was made, as alleged in the affidavit of Viele, the Osborn title gained priority by virtue of the record.

It follows from these views that the order of the Special Term should be reversed and a *mandamus* granted, as prayed for in the petition.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order refusing *mandamus* reversed and *mandamus* granted, with costs.