In the Matter of the Estate of EUGENE V. R. THAYER, Deceased.

Surrogate's Court, New York County, October 4, 1939.

*Willard A. Mitchell* [*Willard A. Mitchell, Thomas A. Ryan* and *Daniel G. Tenney, Jr.*, of counsel], for the executors.

*Jerome M. Hirsch*, for the State Tax Commission.

FOLEY, S. This is an appeal by the State Tax Commission from the order of December 1, 1938, fixing the estate tax on the appraiser's report. The ground of appeal is that the appraiser erroneously failed to include as part of the taxable estate the value of property passing under the exercise by the testator of a power of appointment. The power to appoint by will was given to the testator in the will of his father, who died a resident of the State of Massachusetts. The property subject to the power consists of intangibles

in the residuary trust established in Massachusetts under the father's will. The decedent died a resident of this State.

The sole question presented by this appeal is whether the recent decisions of the United States Supreme Court in *Curry* v. *McCanless* (307 U. S. 350) and *Graves* v. *Elliott* (Id. 383) have overruled the determination of the courts of our State in *Matter of Sandford* (277 N. Y. 323); *Matter of Canda* (197 App. Div. 597) and *Matter of Burch* (160 Misc. 342) which held that the exercise by a resident donee of a power of appointment, created by a non-resident donor, is not taxable in this State. I hold that these latter authorities have not been nullified.

The recent Supreme Court cases are readily distinguishable from the New York authorities. In *Curry* v. *McCanless* the donor and donee of the power of appointment were one and the same person. That fact was emphasized by the court throughout the prevailing opinion of Mr. Justice STONE. In such circumstances the court held the power of appointment " as equivalent to ownership of the property subject to the power." (Citing *Chanler* v. *Kelsey*, 205 U. S. 466; *Bullen* v. *Wisconsin*, 240 id. 625; *Chase National Bank* v. *United States* 278 id. 327, 338.) Here the donor and donee were different persons. Whether the power of appointment was exercised, as in the *McCanless* case, or the powers reserved to the donor relinquished or extinguished at her death, as in *Graves* v. *Elliott* (*supra*), such power of appointment, modification or revocation is a property right and an appropriate subject of taxation by the domiciliary State of the donor of the power. The property in the possession of a corporate trustee in another State is likewise subject to the taxing powers of that State. (*Curry* v. *McCanless, supra*.)

In the proceeding here the donor was a resident of the State of Massachusetts. The facts are identical with those presented in *Matter of Sandford* (*supra*), in which the Court of Appeals held that neither the presence in this State of the certificates or instruments evidencing the intangible property, nor the removal of the residence of the trustee into this State, afforded a basis for the imposition of a tax. The court based its opinion in great part on the decision of the United States Supreme Court in *Wachovia Bank & Trust Co.* v. *Doughton* (272 U. S. 567). There the donor of the power of appointment died a resident of Massachusetts. After his death his daughter, the donee, moved to North Carolina. Her will, whereby she exercised the power, was admitted to probate in the latter State. In denying North Carolina the right to tax the property passing under the power, the United States Supreme Court said (at p. 575): " We think the assets of the trust estate

established by the will of Haynes had no situs, actual or constructive, in North Carolina. The exercise of the power of appointment was subject to the laws of Massachusetts and nothing relative thereto was done by permission of the State where Mrs. Taylor happened to have her domicile. No right exercised by the donee was conferred on her by North Carolina. A State may not subject to taxation things wholly beyond her jurisdiction or control. *Frick v. Pennsylvania*, 268 U. S. 473."

In discussing this subject of jurisdiction in its recent decision in *Curry* v. *McCanless (supra)*, Mr. Justice STONE wrote: " Whether the appointee derives title from the donor, under the common law theory, or from the donee by virtue of the exercise of the power, is here immaterial. In either event the trustee's title under the will was derived from decedent, domiciled in Tennessee. Cf. *Wachovia Bank & Trust Co.* v. *Doughton*, 272 U. S. 567. There is no conflict here between the laws of the two States affecting the transmission of the trust property."

Thus the court did not overrule its determination in the *Wachovia Bank & Trust Co.* case but cited it without distinguishment. That authority must still be accepted as the law governing a determination of non-taxability under circumstances similar to those in the instant case. In the face of the explicit ruling of the Court of Appeals in the *Sandford* case, which is thus far unchanged by any contrary pronouncement of the Supreme Court, property passing under a power of appointment granted by a non-resident donor, and exercised by a resident donee should not be subjected to double taxation. The appeal of the State Tax Commission is, therefore, denied.

Submit order on notice accordingly.