Hart,-J.
 

 Where, by the terms of a testamentary trust created and being administered in another state, the trustees are authorized, but not required, to make distribution of unexpended income from the trust to the legatee of one of the beneficiaries, does such legatee, a resident of this state, who has received distribution of income under such trust and who, upon the termi- ■ nation of the trust, will receive one-seventh of the corpus of the trust, have a taxable interest in this state, the value of which is based upon the income yield
 
 *461
 
 from the trust investment paid to such legatee as income during the previous calendar year? This is the ultimate question for determination in this case.
 

 It may be conceded that the relation of the appellant to the trust estate in question and the nature of his interest therein were determined by the West Virginia court.
 
 Lozier
 
 v.
 
 Lozier,
 
 99 Ohio St., 254, 124 N. E., 167;
 
 Blair
 
 v.
 
 Commr. of Internal Reverme,
 
 300 U. S., 5, 81 L. Ed., 465, 57 S. Ct., 330. The decree of that court, construing the trust created by the will of Robert M. Gilleland and the bequest to George H. McDonald under the will of Edna Nancy Gilleland McDonald with reference to his and her interest in such trust, provides that the devise and bequest to George H. McDonald, the appellant, contained in the will of his wife Edna Nancy Gilleland McDonald “applies to, affect and disposes of any assignable interest which the said Edna Gilleland McDonald may have under the will of her father, Robert M. Gilleland, deceased, which she, the said Edna Gilleland McDonald, has not received in her said lifetime.” It is undisputed that, pursuant to such decree of the court, the trustees thereafter did pay to appellant the sums in question, as income from the corpus of the trust estate.
 

 The appellant claims that the West Virginia court held that Edna Nancy Gilleland McDonald had no assignable or alienable interest in such income, and claims that such court could not have held otherwise since the distribution of income from such trust was within the discretion of the trustees. He further claims that, as a consequence, there was no interest in such income which could pass by her will to him as her husband; that it did not vest either in her or in Trim as her legatee until the death of the mother, when the entire interest, both corpus and income as a part of the corpus, would pass and vest; and that the payments already made to appellant were, and those to be made
 
 *462
 
 to him during the lifetime of the mother will he, advancements from the corpus of such estate.
 

 In the opinion of this court that position is untenable. Although it was within the discretion of the trustees to accumulate “unexpended net income” and thereby make it distributable at the time of the death of Nellie U. Gilleland, the fact remains that they did not do so, and, even if such distribution had been so delayed, it would be made as income and not as a part of the corpus of the estate which passed under the will and vested in the legatees as of the date of the death of Robert M. Gilleland.
 

 Where by the terms of a trust it is provided that the trustee shall pay to a beneficiary only so much of the income and principal, or either, as the trustee in his uncontrolled discretion shall see fit to pay, the beneficiary cannot compel the trustee to pay him any part of the income or principal.
 
 Morris
 
 v.
 
 Daiker, Admr.,
 
 35 Ohio App., 394, 172 N. E., 540. However, this rule does not apply where the trustee has discretion, as in this case, merely as to the time of payment and the beneficiary is ultimately entitled to the whole or to a share of the trust property. 1 Restatement of Trusts, 383, Section 155 (1) b; 1 Scott on Trusts, 774, Section 155;
 
 Houghton
 
 v.
 
 Tiffany,
 
 116 Md., 655, 82 A., 831.
 

 Consistent with the rules of law here stated, where, by the terms of a trust, the income arising from the trust property over a term of years is payable on or before the expiration of such term at the discretion of the trustee to a beneficiary who is definitely ascertainable at the time of the creation of the trust, and the corpus of the trust is payable to such beneficiary at the expiration of such term, a transferee of the entire interest of such beneficiary can compel the trustee to pay him the interest so assigned, as and when payable. 1 Restatement'of Trusts, 339, Section 133, comments
 
 c
 
 and
 
 d\ Endicott
 
 v.
 
 University of Virginia,
 
 182 Mass.,
 
 *463
 
 156, 65 N. E., 37;
 
 Zane
 
 v.
 
 Sawtell,
 
 11 W. Va., 43;
 
 Morgan
 
 v.
 
 Morgan,
 
 60 W. Va., 327; 1 Bogert on Trusts and Trustees, 525, Section 188.
 

 The appellant further claims that the one-seventh of the corpus of the trust and the income arising therefrom vesting in him under the will of his wife, became subject to a succession tax levied against him by the state of Ohio under its inheritance tax laws, and that to subject such property to an intangible personalty tax before a reconversion by him of such trust property into some other form of taxable property, constitutes double taxation thereon not contemplated or permitted under the tax laws of this state. The West Virginia court found that six-sevenths of the unexpended net income arising from the trust had “been distributed and paid by said trustees to the six surviving children of said Robert M. Gilleland [including Edna Nancy Gilleland McDonald] up and until the death of Edna Nancy Gilleland McDonald, and that since’ her death one-seventh of the said [total] unexpended net income has been segregated, set apart, kept and held as income,” and that it was “of the opinion and doth adjudge, order 'and decree that the said trustees * * * may pay the one-seventh of said unexpended net income segregated and set apart as aforesaid and one-seventh of said unexpended net income which may hereafter accrue or arise, to George Henry McDonald, surviving husband of said Edna Nancy Gilleland McDonald, deceased * * *.” Thus it is to be observed that the distribution of unexpended net income to the appellant was that which accrued after and not before the death of Edna Nancy Gilleland McDonald.
 

 A succession tax is applicable only to property owned by the decedent at the time of his death or conveyed by him in contemplation of death. In this case, such property so taxable included the corpus and the
 
 *464
 
 income thereon to the date of death, but it did not include the income accruing on such corpus after the death of the owner. By Section 5332, General Code, an inheritance tax is “levied upon the
 
 succession to any property passing,
 
 in trust or otherwise, to or for the use of a person * * (Italics ours.) Such taxes accrue and are payable as of the date of succession which is the date of the death of the decedent, except as to successions subject to some contingency which prevents their vesting on such date. Section 5336, General Code. The income distributed to appellant for the tax years 1941,1942 and 1943 accrued on the corpus of the trust after the death of Edna Nancy Gilleland McDonald. It was income subsequently arising upon an investment which had passed to the appellant by his wife’s will and such income was not subject to the imposition of inheritance or succession taxes, as a part of her estate. 28 American Jurisprudence, 44, Section 63.
 

 Furthermore, there is no inconsistency or illegality involved in assessing inheritance taxes on an investment passing to a legatee under a will or to an heir at law under the statute of descent and distribution, and in assessing intangible property taxes based upon the income yield arising upon the same investment immediately after it passes to the legatee or heir at law. Under Sections 7 and 9, Article XII of the Ohio Constitution, inheritance taxes are taxes on the right or privilege of receiving or succeeding to estates and, as such, are excise taxes rather than taxes levied on the property so received.
 
 Village of Belle Center
 
 v.
 
 Bd. of Trustees of Roundhead Twp.,
 
 99 Ohio St., 50, 54, 122 N. E., 41;
 
 Tax Comm., ex rel. Price, Atty Genl.,
 
 v.
 
 Lamprecht, Admr.,
 
 107 Ohio St., 535, 538, 140 N. E., 333, 31 A. L. R., 985;
 
 Blodgett
 
 v.
 
 Silberman,
 
 277 U. S., 1, 72 L. Ed., 749, 48 S. Ct., 410.
 

 At the time of the receipt of the income from the trust by appellant there remained no contingencies af
 
 *465
 
 fecting the taxability of the trust corpus as an investment. And even though the trustee did not distribute to the appellant the unexpended income accruing after the death of Edna Nancy Gilleland McDonald until the tax year 1941 and following, his interest in the trust became taxable on the basis of income yield paid to him.
 
 Harker
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 346, 44 N. E. (2d), 355.
 

 The appellant seeks to differentiate this case from the
 
 Harker case
 
 in several respects, one of which is that in this case the trust property from which the income in question arose has its situs in the state of West Virginia. But the intangible tax law of this state applies to income received by a resident of Ohio from investments owned by such resident regardless of the situs of the investment. This was determined by this court in the case of
 
 Rowe
 
 v.
 
 Braden et al., Tax. Comm.,
 
 126 Ohio St., 533, 186 N. E., 392, wherein it was held:
 

 “Where R. created an irrevocable trust, with
 
 corpus
 
 located in another state, and appointed a trustee resident of such other state, who, under the terms of the trust, pays the beneficial interest thereof to the widow of R. as
 
 cestui que trust,
 
 a resident of this state, on the basis of income yield from such trust fund, Sections 5323, 5328-1, 5370, 5388, 5389 and 5638, General Code (114 Ohio Laws, 714), known as the intangible tax law, requiring such
 
 cestui que trust
 
 as a beneficiary of such trust fund to list and return such equitable interest in the property for the purpose of taxation, do .not violate the Fourteenth Amendment or any other provision of the federal or state Constitutions.” See
 
 Graves et al., Tax Comm.,
 
 v.
 
 Schmidlapp et al., Exrs.,
 
 315 U. S., 657, 86 L. Ed., 1097, 62 S. Ct., 870.
 

 In the opinion of this court, the income payments received by the appellant, as successor in interest to his wife’s estate, from the trustees of the.trust estate of Robert M. Gilleland are not any part of the cor
 
 *466
 
 pus of such trust estate, but constitute income from an investment represented by the share of the corpus of such estate bequeathed by Robert M. Grilleland to his daughter, .Edna Nancy Grilleland McDonald in trust and in turn by her to her husband, the appellant herein.
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.