**In re UNION FABRICS, Inc.**

District Court, S. D. New York.

Aug. 13, 1947.

Parker, Chapin & Flattau, of New York City (Sydney W. Cable, of New York City, of counsel), and Glass & Lynch, of New York City, for Leonard H. Carter, trustee.

John F. X. McGohey, U. S. Atty., of New York City (Frank J. Stella, of New York City, of counsel), for the United States.

Nathaniel L. Goldstein, Atty. Gen., for New York Industrial Commissioner and State Tax Commission.

BRIGHT, District Judge.

The Trustee seeks a review of orders of Honorable Peter B. Olney, Referee, claiming that he erred (1) in allowing interest to the date of payment, instead of to the date of the filing of the petition herein, on claims of the Collector of Internal Revenue for social security taxes for the years 1936, 1937, 1938 and 1939, income taxes for 1935 and 1936, and a miscellaneous tax for 1935, aggregating in all $9,759.44, and on claims of the New York State Tax Commission for franchise taxes for 1936, 1937 and 1938, and of the State Department of Labor for unemployment insurance taxes, aggregating in all $1,685.97; and (2) in the rejection of evidence showing the litigation which had previously ensued in this

proceeding, as bearing upon the equities which the Trustee claimed should have been considered in the determination of the question of interest.

■ I have come to the conclusion that interest should be allowed only to the date of the filing of the petition herein, and that the facts relating to the previous litigation should have been admitted and considered.

Were the court to be controlled by the principle of stare decisis, the Referee's determination finds support in Davie v. Green, 1 Cir., 133 F.2d 451; Matter of Summers [Referee], 45 A.B.R.(N.S.) 123; Matter of Dorsey [Referee], 46 A.B.R.(N.S.) 146; Matter of Gandolfi & Co., Inc., D.C., 42 F.Supp. 706; and Matter of Flayton, D.C., 42 F.Supp. 1002.

■ But recent decisions of the Supreme Court have shown that precedent is not always to be the guiding star. A court is not to be precluded by it "against the responsible exercise of the judicial process." Helvering v. Hallock, 309 U.S. 106, 119, 60 S.Ct. 444, 451, 84 L.Ed. 604, 125 A.L.R. 1368. And when faced with precedent the Court is not without power to decide otherwise where so doing would lead to a just result. Erie R. Co. v. Tompkins, 304 U.S. 64, 92, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Graves v. Schmidlapp, 315 U.S. 657, 665, 62 S.Ct. 870, 86 L.Ed. 1097, 141 A.L.R 948.

In Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 163, 165, 67 S.Ct. 237, 240, where in a Chapter X reorganization, 11 U.S.C.A. § 50 et seq., a claim was made by a secured creditor for interest on interest and was opposed by subordinate creditors, it was written:

"The general rule in bankruptcy and in equity receivership has been that interest on the debtor's obligations ceases to accrue at the beginning of the proceedings. Exaction of interest, where the power of the debtor to pay even his contractual obligations is suspended by law, has been prohibited because it was considered in the nature of a penalty imposed because of delay in prompt payment—a delay necessitated by law if the courts are properly to preserve and protect the estate for the benefit of all interests involved. * * * The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate. * * * Courts have felt that it would be inequitable for any one to gain an advantage or suffer a loss because of such delay. * * * It is manifest that the touchstone of each decision on allowance of interest in bankruptcy, receivership and reorganization has been a balance of equities between creditor and creditor or between creditors and the debtor."

■ The sovereign prerogative, now in some respects urged by these two priority creditors, does not present an insurmountable barrier. Except as to priority of payment of principal, they are not to be considered any more favorably than the general run of creditors. Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 396, 59 S.Ct. 516, 83 L.Ed. 784; Federal Housing Administration v. Burr, 309 U.S. 242, 245, 60 S.Ct. 488, 84 L.Ed. 724.

Some of the decisions supporting the Referee's determination question the present rule. Thus in Davie v. Green, force was conceded to the argument that the passing of the Chandler Act, 11 U.S.C.A. § 1 et seq., had deprived tax claims of their former advantageous position as to interest in view of the inequitable and unjust effect upon general creditors. In Matter of Dorsey, supra, the Referee in yielding to higher authority awarded the State interest to the date of payment. He nevertheless said (p. 147):

"This may be the law, but a mere statement of the facts awakens a keen sense of injustice. If the thing is wrong and unfair, in principle, it is just as wrong and unfair when asserted by government as when asserted by an individual. If this be the law, it illustrates how the rigors of the law may well be relaxed by government to exemplify the will to do justice."

The Referee wrote in the Summers case, "I have grave doubts as to the soundness of the statement" that tax claims are to be paid in full to the date of payment. The Second Circuit held in Hammer v. Tuffy, 2 Cir., 145 F.2d 447, 449, that since the

passage of the Chandler Act the question must be regarded as an open one. And see Collier on Bankruptcy, 14th Ed., vol. 3, at page 1843, where the author favors assimilating the treatment of tax claims to that of other claims, after a careful review of the changes made by the Chandler Act, showing a change in view of Congress with reference to the previous favorable treatment of tax claims.

But, say the claimants, section 57, sub. j, of the Bankruptcy Law, 11 U.S.C.A. § 93, sub. j, is the same now as it was in 1938, and provides as then that debts owing to the United States or any state "as a penalty or forfeiture shall not be allowed except for the amount of the pecuniary loss sustained by the act, transaction or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law"; and that it is fair to assume that Congress, in its revision by the Chandler Act, was aware of the construction placed upon the words it had previously used, and had it wished to change that construction so as to place tax claims on the same footing with other claims it would have said so. But it is suggested that the silence of Congress as to the judicial interpretation of a statute is not decisive nor any good reason why the cases should not be reexamined and a contrary construction arrived at, Helvering v. Hallock, supra, 309 U.S. at page 119, 60 S.Ct. at page 451, 84 L.Ed. 604, 125 A.L.R. 1368, where it is written:

"It would require very persuasive circumstances enveloping Congressional silence to debar this Court from re-examining its own doctrines. To explain the cause of non-action by Congress when Congress itself sheds no light is to venture into speculative unrealities."

To treat tax claims, so far as interest is concerned, differently than other claims, I think is neither logical, sound nor just. On the contrary such treatment is a clear anomaly and cannot be justified except upon precedent now of doubtful validity since the passage of the Chandler Act. See People v. American Loan & Trust Co., 172 N.Y. 371, 379, 65 N.E. 200.

Such a ruling compels payment, not by the debtor whose debt it is, but by general creditors, who did not incur it, and who were not responsible for the delay in payment, out of their otherwise fractional recovery on their own claims.

The second claimed error, in view of what has been written above, does not present any serious question. The necessitated delay in the administration of this estate, to which the Supreme Court referred in the Vanston Committee case, and which was essential in order properly to preserve and protect the estate for the benefit of all interests, is demonstrated in an unusual degree here. It does not seem to me that the Trustee was required to introduce the facts which were rejected by the Referee. The same information was always accessible to the Court from an examination of its own files. It thus appears, if equitable considerations enter into the determination here sought, that the involuntary petition was filed December 20, 1939. Turnover proceedings were commenced against the bankrupt's president in October, 1940, which resulted in an order on February 23, 1943, requiring the turnover, affirmed by the District Court on May 6, 1943, by the Circuit Court of Appeals on July 21, 1944, and certiorari was denied on December 11, 1944. During the appeal the president petitioned to reopen the matter which was denied by the Referee on November 29, 1944, the Circuit Court of Appeals also denied his request for leave to petition the Referee to reopen on February 9, 1945, and certiorari was denied on May 21, 1945. An order adjudging the president in contempt was granted on September 10, 1945, affirmed on appeal on February 14, 1946, and certiorari denied May 6, 1946. He was imprisoned and then offered to settle for $30,000, the offer was accepted by the creditors on July 15, 1946, and the estate was increased by that amount after nearly six years of litigation.

It is not denied that prior to that settlement the assets were $19,888.11. The total of the claims is $89,128.76. The tax claims in question aggregate $11,455.41. If interest to the date of payment is allowed from December 20, 1939, when the petition was filed, an additional 48% must

be added, and with administration expenses would exceed the estate prior to the increase by $30,000.

The allowance of interest to the date of payment, an accumulation caused solely because of delays necessitated by the successful efforts of the Trustee to protect and increase the estate, seems to me to be entirely inequitable, and to result in an unbalance of equities between the several creditors rather than a "balance of equities" which the Supreme Court says is the touchstone of each decision. It would do more. As I have written above, it would require the general creditors to pay the penalty caused by the delay necessitated to preserve and protect the estate.

I think it is time that precedents which lead to such an anomalous, inequitable and unjust result be overruled.

The petition for review is sustained, and the orders allowing interest to date of payment and refusing to consider the equities presented by the records in this proceeding are overruled. The order to be entered hereon will be settled on notice.