[Civ. No. 22354.   First Dist., Div. Two.   May 11, 1965.]

Estate of EDWARD GEORGE KEEBLE, Deceased. ALAN CRANSTON, as State Controller, etc., Petitioner and Respondent, v. CLARA M. KEEBLE, Objector and Appellant.

Nakashima, Kimball, Burriesci & Boynton and T. K. Boynton for Objector and Appellant.

Charles J. Barry, Milton D. Harris and J. D. O'Hara for Petitioner and Respondent.

TAYLOR, J.—This is an appeal by the surviving widow and executrix of the estate of Edward George Keeble, from an order fixing inheritance taxes. She concedes that the transfers to her of a life estate and special power of appointment by the will of her late husband are transfers subject to the inheritance tax, but contends that the amount of tax was erroneously computed and that the method of computation applied violated the equal protection clause of the state and federal Constitutions.

The appeal is on an agreed statement setting forth the following facts: Edward George Keeble died on July 15, 1962, leaving an estate consisting entirely of community property valued in excess of one million dollars. His will bequeathed certain personal effects to appellant and provided that all the rest of his portion of the community property was to be held in trust for appellant for life. Appellant received the unrestricted possession of the family home and outbuildings and the entire net income of the trust during her lifetime. At the discretion of the trustee, the corpus could also be used for the benefit of appellant. The only child of appellant and the decedent was named as trustee, and together with her issue, designated as the ultimate recipients of the trust estate. In addition, the will provided that appellant, during her lifetime, had a special power of appointment to appoint the trust estate to any one or more of the living issue of the parties by a single appointment or by successive appointments except that she could not exercise the power in favor of herself, her interest or her creditors.

The state inheritance tax appraiser computed the amount of tax due by aggregating the value of appellant's life estate with the value of the property subject to the power of appointment, i.e., the remainder of the trust. After allowing the marital exemption (Rev. & Tax. Code, § 13805) and one specific exemption (Rev. & Tax. Code, §§ 13403, 13404), the appraiser applied the tax rate schedule to the combined value of the life estate and remainder as a single transfer.

The first contention on appeal is that the value of the remainder subject to power of appointment should not have been aggregated with the value of appellant's life estate for purposes of computing the inheritance tax. Appellant argues that the life estate and power to appoint the remainder should have been treated as two separate transfers with the separate exemptions for each transfer.

As to community property, section 13551, subdivision (a), of the Revenue and Taxation Code, so far as relevant, provides that: "If, . . . on the death of the husband the wife is given by will either (1) a life estate in the one-half of the community property subject to the testamentary disposition of the husband or (2) a general or special power of appointment in conjunction with such one-half, all of such one-half is subject to this part."[1]

As to powers of appointment, section 13692 of the Revenue and Taxation Code provides in part: ". . . a gift of a general or limited power of appointment made in conjunction with a disposition of property effected before or after 5 p.m. of June 25, 1935, is a transfer subject to this part from the donor to the donee at the date of the donor's death."

This appeal is concerned chiefly with section 13408 of the Revenue and Taxation Code which provides: "When more than one transfer subject to this part has been made by a decedent to the same person, the tax is computed upon the aggregate market value of all of the property so transferred in the same manner and to the same extent as if all of the property had actually been transferred by a single transfer at the date of the decedent's death."

Appellant does not dispute the fact that the transfer of her life estate and the property subject to her special power of appointment are taxable transfers under sections 13551 and 13692, but argues that section 13408 was erroneously applied. Appellant relies on *Estate of Elston,* 32 Cal.App.2d 652, 660

---

[1] "[T]his part" refers to Part 8 of the Revenue and Taxation Code, the Inheritance Tax Law (Rev. & Tax. Code, § 13301).

[90 P.2d 608], wherein the trustee Wyckoff, who was not related to the testator, received both an outright gift and a power of appointment under the same will. The court, after upholding the constitutionality of the inheritance tax amendments of 1935 (i.e., taxing the creation of a power of appointment rather than its exercise) and holding them applicable to the special power there involved, modified the portion of the order which fixed the inheritance tax by aggregating the amount of the independent gift with the value of the property subject to the special power of appointment. The court [referring to a prior version of the language[2] presently in section 13408], said at page 661: "The two bequests are merely united so that the tax represents the assessment against the total value of the property received by one person. But this raising of the amount of the tax from the lower bracket, if each bequest should be taxed separately, to the higher amount wherein the bequests are united, assumes that the one person receives the property in temporary or permanent ownership, with a right to enjoy some emolument or remuneration or the acquisition of a valuable benefit.

"In the instant case, the donee under the transfer of the power of appointment may enjoy whatever benefits can be derived from the authority to invest the residuary estate and to determine the appointees under the transfer power, but he may not under this particular instrument use any part of the residuary estate for his personal use and advantage. The power of appointment is not only a benefit, but it may be a burden. The independent gift may in whole or in part recompense Wyckoff for the burden assumed. If the independent gift is not sufficiently compensatory, Wyckoff could act as trustee for a period and then refuse to continue and still possibly be entitled to the independent gift. Wyckoff was to 'receive what is left to him in my said Will for acting as *Executor* thereof.' (Italics ours.) The tax from the residuary trust estate is paid from the funds of the estate and not by Wyckoff individually, but when the amounts are united a higher tax is imposed, which forces Wyckoff to pay an addi-

---

[2]The statute then provided: "When more than one transfer within the meaning of any of the preceding subdivisions of this section has been made, either before or after the passage of this act, by a decedent to one person, the tax shall be imposed upon the aggregate market value of all of the property so transferred to such person in the same manner and to the same extent as if all the property so transferred were actually transferred by one transfer made at the date of the transferor's death and with the value, rates and exemptions as of that date." (Stats. 1935, ch. 358, § 2, p. 1270.)

tional amount from his personal estate or to take an additional amount from the residuary estate, which decreases the proportionate share of the twenty-five heirs.''

Appellant argues that her case is on all fours with the above holding as she has received no more benefit from the power of appointment than Wyckoff. The cases are clearly distinguishable. In *Elston,* the aggregation was held to be unfair to the trustee since under the particular instrument, he did not receive the income from the property subject to the power of appointment and could not use any part of the residuary estate for his own advantage. ■■ Appellant here received the income from the trust property subject to the power of appointment, and the trustee, appellant's daughter, had discretion to invade the corpus for appellant's benefit. Furthermore, in case of failure of issue of the decedent prior to the extinction of appellant's life estate, the entire corpus, as intestate property of the decedent, would belong to appellant. We conclude that the *Elston* case is not relevant and that the applicable statutes require the two transfers to appellant to be aggregated (California Estate Administration, Cont. Ed. Bar (1959) § 17.34).

Having concluded that the transfers were properly aggregated, we need not discuss in detail appellant's contention that she should have been allowed a specific exemption for each transfer. ■■ As pointed out in *Estate of Childs,* 18 Cal.2d 237 at pp. 243 and 244 [115 P.2d 432, 136 A.L.R. 333], the statutory authority to aggregate has existed continuously since 1917, and ''the authority to aggregate and impose a tax the same as on a single transfer carries with it at least two results, namely, that several transfers being treated as one and taxed accordingly necessarily means that but one exemption shall be allowed, and that such aggregation would also necessarily result in the aggregate value being such that a higher tax rate bracket would be reached or at least approached.'' (Cf. *Kirkwood* v. *Bank of America,* 43 Cal.2d 333, 340 [273 P.2d 532].)

■■ Appellant next argues that the testamentary transfer of the limited power of appointment to her is a transfer made subject to a contingency or condition under section 13411 of the Revenue and Taxation Code[3] and that, therefore, a specific

---

[3]Section 13411 provides: ''In the case of a transfer made subject to a contingency or condition upon the occurrence of which the right, interest, or estate of the transferee may, in whole or in part, be created, defeated, extended, or abridged, the tax is computed as though the contingency or condition has occurred, and at the highest rate possible.''

exemption should be allowed for both her beneficial interest and the power of appointment and that her tax rate schedule should be determined in accordance with the "highest contingency" rule established by that section.

The identical contention was rejected in *Estate of Elston, supra,* page 656. The court there said: "This section deals with contingent transfers generally and would apply to powers of appointment if other provisions of the act did not specifically apply to such powers." Sections 13696 and 13697 do relate specifically to powers of appointment and provide for a recomputation of the tax only where the powers are exercised in favor of a charity.

■ As established in *Estate of Willis,* 34 Cal.2d 782 at p. 786 [215 P.2d 453], the word "contingency" as used in section 14401[4] and related sections, such as 13411, means a technical contingency of the type which may vest, divest, or diminish an estate, as in the case of a contingent remainder. The transfer to appellant of the power of appointment over the remainder of the trust of which she is the life beneficiary is not within this technical definition. ■ The taxable transfer occurs on the death of the donor, in accordance with the common-law rule that a bequest to a beneficiary through the exercise of a power of appointment is a gift to the beneficiary from the donor and not from the donee of the power (*Estate of Baird,* 135 Cal. App.2d 333, 340 [287 P.2d 365]; *Estate of Newton,* 35 Cal.2d 830 at p. 839 [221 P.2d 952, 19 A.L.R.2d 1399]; *Berdan* v. *Berdan,* 39 Cal.App.2d 478 [103 P.2d 622]; *O'Neil* v. *Ross,* 98 Cal.App. 306 [277 P. 123]).

Appellant further argues that the 1935 amendment was a procedural change only, designed to accomplish a current assessment and collection of taxes on such transfers, and was not intended to work any substantive changes in the applicable tax rate schedules. This contention is contrary to *Estate of Childs, supra,* page 241, where the court approved the application of a higher tax bracket and the current rates to transfers affected by the 1935 amendment.

---

[4]Section 14401 provides: "If any tax has been paid to the county treasurer on a transfer subject to a contingent incumbrance or any contingency which might burden, abridge, defeat, or diminish the estate or interest of the transferee, and the gift was valued without allowance for the incumbrance or contingency, upon the taking effect of the incumbrance or the happening of the contingency the person who paid the tax is entitled to a refund in an amount equal to the difference between the tax paid and any smaller tax that would have been paid on a valuation of the estate or interest actually enjoyed or of the estate or interest remaining after the taking effect of the incumbrance or the happening of the contingency."

Finally, appellant argues that the computation of the inheritance tax as if she were the owner of the property subject to her special power of appointment is in violation of the equal protection clauses of the United States and California Constitutions in that it arbitrarily discriminates within classes of beneficial recipients in the application of exemptions and tax rate schedules. A similar contention was made and rejected in the *Estate of Newton, supra*. It was there argued that the 1935 amendment to section 13692 of the Revenue and Taxation Code violated the equal protection clause in that it arbitrarily discriminated between resident donees exercising powers of appointment created by donors before and after the effective date of the 1935 amendment. Mr. Justice Traynor cited *Graves* v. *Schmidlapp*, 315 U.S. 657 [62 S.Ct. 870, 86 L.Ed. 1097, 141 A.L.R. 948], in his concurring opinion and commented: "Given the legislative purpose to be achieved by the classification, the equal protection clause only requires that the classification be reasonably related to the achievement of that purpose and that all persons within each class be treated alike. (*Estate of Elston*, 32 Cal.App.2d 652, 658-659 [90 P.2d 608].)"

The order is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 7, 1965.