GEORGE G. MCMURTRY ET AL., EXECUTORS (ESTATE OF
ALDEN L. MCMURTRY) *vs.* THE STATE OF
CONNECTICUT ET ALS.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued April 17th—decided July 9th, 1930.

SECOND: I hereby appoint my executors, hereinafter named, to receive the principal of the trust fund created under the will of my father, George G. McMurtry, by a paragraph of his will designated "Sixthly" of which I have the income for life, and I request and direct the trustees under his will to transfer and pay over the principal of the share of the trust fund over which I have the power of appointment as authorized in said paragraph marked "Sixthly" to my executors and trustees, and I direct my executors upon receipt of the principal of said trust first to pay all my just debts, funeral and testamentary expenses and expenses connected with the settlement of my estate, such as taxes, administration expenses, etc. as soon after my death as may conveniently be done, and then I direct my trustees to hold the part of the trust fund which has not been subject to the life use of my mother, Clara L. McMurtry as provided in a paragraph "Fifthly" of my said father's will, and has not been subject to the life use of Alexander G. McMurtry as provided in a paragraph marked "Fourthly" of

my said father's will, and as to said part of the trust fund that has not been subject to any life use except my own I direct my trustees to hold the same in trust and pay the net income therefrom to my wife, Miriam F. McMurtry, during the term of her lifetime or until her remarriage, and upon her death or remarriage to pay the principal to my children per stirpes and not per capita, and as to the balance of the trust fund under the will of my father over which I have the power of appointment, after the payment of my debts and the creation of the trust which I have herein provided for, I direct my executors to pay the sum of two hundred thousand (200,000) dollars out of said trust fund to my wife, Miriam F. McMurtry, to be hers absolutely and forever and to pay the balance to my children per stirpes and not per capita absolutely and forever, and if, for any reason, I am not entitled by virtue of said power of appointment to distribute the trust fund as herein directed to my executors and trustees, then I direct that the trustees under my said father's will shall pay to my executors a sufficient sum to pay the debts and charges, as above directed and shall pay directly to my trustees the principal of the trust fund under my father's will that has not heretofore been subject to any life use except my own and that they shall pay the sum of two hundred thousand (200,000) dollars directly to my said wife to be hers absolutely and to pay the balance to my children per stirpes and not per capita.

*Raymond E. Hackett,* for the plaintiffs.

*Farwell Knapp,* with whom, on the brief, was *Benjamin W. Alling,* Attorney General, for the defendants.

BANKS, J. The statute by virtue of which the tax here in question was paid was first enacted in 1923, being § 3 of Chapter 190 of the Public Acts of that year, and is set forth in the footnote. It provides that

---

If any person shall exercise a power of appointment created by a will admitted to probate after the passage of this act, or shall by will exercise a power of appointment derived from any disposition of property, whenever made, such appointment, when made, shall be deemed to be a disposition of property by the person exercising the power taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by the donee by will; and whenever

the exercise of a power of appointment "shall be deemed to be a disposition of property by the person exercising the power taxable under the provisions of this Act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by the donee by will."

Subsequent to the payment of the tax by the plaintiffs, the case of *Wachovia Bank & Trust Co.* v. *Doughton,* 272 U. S. 567, 47 Sup. Ct. 202, 71 L. Ed. 413, was decided by the Supreme Court of the United States, and it is in reliance upon that decision that this action is brought. In that case a resident of Massachusetts gave his residuary estate to a Massachusetts Trust Company, one half of it to be held in trust for his daughter, with the provision that upon her death the principal was to be transferred to such person or persons as she should by will appoint. The daughter after her father's death became a resident of North Carolina, where she died leaving a will which was there probated, in which she exercised the power of appointment under her father's will, directing that the appointed property be divided between her husband and child. Under a North Carolina statute similar to our own the Supreme Court of that State held

---

any person possessing such a power of appointment shall fail to exercise the same within the time provided therefor, in whole or in part, a disposition of property taxable under the provisions of this act shall be deemed to take place to the extent of such failure in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise the same, taking effect at the time of such failure. For the purposes of the tax herein imposed any disposition of property to or for the use of a beneficiary for life, together with a power of appointment to such beneficiary, shall be deemed to be a disposition of the fee in such property by the donor of the power of appointment.

that the transfer of the appointed property was taxable there. Upon appeal the Supreme Court of the United States reversed the decision of the State court. It held that the property in question was not the property of the donee of the power but of the donor, that the appointees took, not under the will of the donee, but under that of her father, the donor, and that the assets of the trust estate established by his will had no *situs* actual or constructive in North Carolina, and that its transfer was not subject to taxation in that State.

Counsel for the State of Connecticut, although critical of the decision in the *Wachovia* case, concede that it is the law of the land and controlling as to our decision in this case unless upon the facts the two cases can be differentiated. Indeed it appears from the record that the State has already refunded to the plaintiffs the amount of a transfer tax paid by them upon the execution of a power of appointment given to Alden L. McMurtry by the will of his mother, and exercised in this same will, the only substantial difference between the two being that in that case the donee appointed directly to his wife and children, so that the facts in connection with that appointment were, as defendants' brief states, exactly the same as in the *Wachovia* case. The distinction upon which the defendants rely is that, in exercising the power of appointment created by his father's will, Alden L. McMurtry did not appoint the fund directly to his wife and children, but appointed his executors to first receive the fund and to pay it over or hold it in trust for his wife and children after the payment of his debts, funeral expenses and the expenses of the settlement of his estate. In the first place this distinction seems to us to be one more of form than of substance. The net estate, after the payment of debts and ex-

penses of administration, goes to the wife and children. If the power under the father's will had been exercised, as it was under the mother's will, by appointment directly to the wife and children, the result would have been substantially the same. Though the property appointed was the property of the donor of the power, it was in equity charged with the payment of the debts of the donee to the extent that his own estate was insufficient to satisfy their demands, and in making provision for the payment of his debts out of the appointed property, he was only discharging an obligation that equity would have enforced. *Clapp* v. *Ingraham*, 126 Mass. 200; *Shattuck* v. *Burrage*, 229 Mass. 448, 118 N. E. 889; *Brandies* v. *Cochrane*, 112 U. S. 344, 5 Sup. Ct. 194; *United States* v. *Field*, 255 U. S. 257, 41 Sup. Ct. 256. The doctrine that the appointed property is chargeable with the debts of the donee was settled very early by the English Chancery courts, apparently upon the principle of fair dealing that a man ought to pay his debts if he could. Though recognizing the logical difficulty of requiring such payment out of property of which the debtor is not the actual owner, the courts have held that the rule has been too long established as a rule of property to be set aside because of doubts as to the technical soundness of the reasons on which it was originally established. *Clapp* v. *Ingraham, supra; Vinton* v. *Pratt,* 228 Mass. 468, 117 N. E. 919.

Counsel for the State make, as we interpret their brief and argument, two distinct claims. In the first place it is contended that, when the donee treats the property over which he has a power of appointment as his own by appointing his own executors to receive the property and pay his debts therefrom, the common-law rule that the appointees take under the will of the donor does not apply; they should be

held to take under the will of the donee, and the transfer held to be taxable in the State of his domicil. The second claim is based upon the proposition that our succession tax is a tax, not upon property as such, but upon the privilege of receiving property through death, and the contention is that the appointed property in this case passed by virtue of the laws of this State and is therefore subject to the succession tax levied by it. Neither of the claims will stand analysis. They both depend upon the assumption that the appointed property comes to the appointees from the donee, Alden L. McMurtry, and that they take under his will rather than under that of the donor. That the donee has treated the property as his own is quite immaterial for the simple reason that it was not his.

It is well settled by the great weight of authority, both in this country and in England, that the appointee under a power of appointment derives title from the will of the donor, and that the legal title to the appointed property never vests in the donee and forms no part of his estate. *United States* v. *Field,* 255 U. S. 257, 41 Sup. Ct. 256; *Wachovia Bank & Trust Co.* v. *Doughton, supra; Walker* v. *Treasurer and Receiver General,* 221 Mass. 600, 109 N. E. 647; *Hill* v. *Treasurer and Receiver General,* 229 Mass. 474, 118 N. E. 891; *Shattuck* v. *Burrage, supra; Pearce* v. *Lederer,* 262 Fed. 993; *In re Estate of Bowditch,* 189 Cal. 377, 208 Pac. 282; *In re Canda's Estate,* 189 N. Y. Supp. 917, 197 App. Div. 597. "The appointee really takes from the original testator, the donee of the power acting as a mere conduit of the former's bounty." *Bartlett* v. *Sears,* 81 Conn. 34, 42, 70 Atl. 33.

Counsel for the State urge the adoption of a rule, said to have been approved in Pennsylvania, and referred to as the "doctrine of blending." Under this rule, apparently, when a donee in his will disposes of

the property, over which he has a power of appointment, along with his own property without distinction, the appointed property is said to have been blended with the other property of the donee and the appointees of the power are held to take under the will of the donee. The test under those decisions is said to be whether the testator has treated the two estates as one for all purposes, and manifested an intent to mingle them generally. *In re Hagen's Estate*, 285 Pa. St. 326, 132 Atl. 175. We are unable to understand how any such "blending" of the appointed property with that of the donee can alter the source of the title of the appointees for the reason just stated, that, since the donee of the power is simply the conduit of title, any act of his which treats the property as though it were his own and as a part of his estate does not make it such. So far as we are aware this doctrine does not appear to have been adopted in any other jurisdiction and none of the Pennsylvania cases to which our attention is called involved any question of extra-territorial taxation and consequent claim, such as is made here and was the basis of the decision in the *Wachovia* case, that the tax infringed the provisions of the Fourteenth Amendment.

The second claim of the State that this property passed by virtue of the laws of this State, in so far as it relies upon the proposition that the appointees take under the will of the donee, a resident of this State, and therefore by the exercise of a privilege granted by the State, has been answered by what we have already said as to the source of their title. The specific claim is made that the donee's executors are officers of the Court of Probate, that they cannot distribute the property except by order of the Court of Probate, and that it passes therefore by force of the law of this State. As to this matter of administration,

the situation does not differ materially from that existing in the case of the exercise of the power of appointment under the will of McMurtry's mother, which the State concedes is not taxable here. The power in each case is exercised by the same will of Alden L. McMurtry, probated in this State. The appointed property under the mother's will was subject to the payment of his debts if required for that purpose. In specifically subjecting the appointed property under his father's will to the payment of his debts he did nothing more than the law required. That property was not part of the estate of Alden L. McMurtry which was being administered in the Court of Probate and not subject to distribution as such. *United States* v. *Field*, 255 U. S. 257, 41 Sup. Ct. 256. That its disposition was in the hands of the executors of his will, and that by the terms of the will a portion of it went to his creditors, was not sufficient to subject to the taxing power of this State a transfer of property to appointees who take directly from the donor of the power, a nonresident of this State. The will creating this power provided that it might be exercised by an instrument in writing or by will. It did not require that the will, if that was the form in which the power should be exercised, must be executed according to the law of the donee's domicil, to be proved and allowed there. The will of the donee derived none of its force or validity, as an exercise of the power of appointment, from our law. Its legal effect as a valid exercise of the power depended entirely upon the law of New York. *Walker* v. *Treasurer and Receiver General*, 221 Mass. 600, 109 N. E. 647. The appointees are not dependent upon the laws of this State for the exercise of the privilege of receiving the appointed property and no right exercised by the donee was conferred on him by this State. Title to the fund passes to them, not by force of the law of

this State, but by virtue of the will of the donor, a nonresident of this State. It has no *situs* actual or constructive in this State, and being beyond its jurisdiction and control, is not subject to taxation here. *Frick* v. *Pennsylvania,* 268 U. S. 473, 45 Sup. Ct. 603.

In *Walker* v. *Treasurer and Receiver General,* 221 Mass. 600, 109 N. E. 647, it was held that the exercise by a testator domiciled in Massachusetts, and whose will was proved there, of a power of appointment given him by the will of a testator domiciled in Maryland, transferring by such appointment the title to personal property held by a trustee in Maryland, was not subject to the Massachusetts succession tax. The decision was based upon the ground that the appointee took directly from the donor of the power, that no privilege by which the property passed was conferred by the law of Massachusetts, and that all questions as to the succession of the trust estate were to be determined by resort to the courts of Maryland without invoking the law of Massachusetts. In the *Wachovia* case, in which the power was created by the will of a testator domiciled in Massachusetts, the Supreme Court of the United States, in view of the propositions established in that jurisdiction by the decision in the *Walker* case, held that the exercise of the power of appointment was subject to the laws of Massachusetts, and that no right exercised by the donee was conferred on her by North Carolina, the State of her domicil. Here the power was created under the will of a New York testator, and the fund is in the hands of trustees in that State. It has there been held, in line with the decision in *Walker* v. *Treasurer and Receiver General, supra,* that the exercise by a resident of that State of a power of appointment given by the will of a resident of another State to dispose of trust property there located, was not subject to the New York succession tax. *In re Canda's*

*Estate,* 189 N. Y. Supp. 917, 197 App. Div. 597. By parity of reasoning, the courts of that State might well hold that the transfer of this fund, by virtue of the will of one domiciled there, and there held by trustees under the terms of the will, would be subject to a succession tax in that State. *Silberman* v. *Blodgett,* 105 Conn. 192, 134 Atl. 778, 277 U. S. 1, 48 Sup. Ct. 410. In that event its taxation here would result in double taxation, the undesirability of which has been accepted as a canon of judicial action in recent decisions of the Supreme Court of the United States. *Safe Deposit & Trust Co. of Baltimore* v. *Virginia,* 280 U. S. 83, 50 Sup. Ct. 59; *Farmer's Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, 50 Sup. Ct. 98; *Baldwin* v. *Missouri,* 281 U. S. 586, 50 Sup. Ct. 436.

The facts of this case bring it squarely within the *ratio decidendi* of the *Wachovia* case, and permit of no other conclusion than that it was not within the power of this State to impose a succession tax upon the transfer of this fund.

Both of the questions propounded are answered in the affirmative.

In this opinion the other judges concurred.