THE TORRINGTON COMPANY *v.* WILLIAM H. HACKETT, TAX COMMISSIONER.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 5th—decided June 9th, 1938.

*Charles P. Roraback,* for the appellant (plaintiff).

*Dennis P. O'Connor,* Deputy Attorney General, with whom, on the brief, was *Charles A. McLaughlin,* Attorney General, for the appellee (defendant).

HINMAN, J. The complaint, which is dated February 15th, 1938, alleged that on September 25th, 1936, the plaintiff, in compliance with the corporation business tax act (General Statutes, Cum. Sup. 1935, Chapter 66b) made and filed its return to the state tax commissioner for its fiscal year ending June 30th, 1936, and included therein as income, and in the computation of the tax paid on that date, dividends which it had received on the capital stock of foreign corporations wholly owned by it amounting to $272,967.80. The tax so paid on account of these dividends amounted to $5459.36. At that time both the plaintiff and the tax commissioner believed that such dividends were subject to the tax, but on March 4th, 1937, the Supreme Court of Errors decided (*Stanley Works* v. *Hackett,* 122 Conn. 547, 190 Atl. 743) that they were not so taxable. Thereafter, on July 13th, 1937, the plaintiff notified the tax commissioner of the mistake and requested that he correct the return accordingly and refund the amount of the tax paid on account of such dividends. The tax commissioner held a hearing thereon January 25th, 1938, and on January 31st notified the plaintiff that he would not change the return or order refund of the tax. "The plaintiff is aggrieved by this action . . . and brings this action in the nature of an appeal to the Superior Court." The defendant plead in abatement on several grounds, including that appeal was not taken within one month from the time provided for payment of the tax, as required by General Statutes, Cum. Sup. 1935, § 435c, and the plea was sustained on that ground. The finding accords with the allegations of the complaint which are material to the issue on the appeal to this court, which is as to the correctness of the trial court's conclusions that the amount of the plaintiff's tax was fixed by the plaintiff's return and the time provided for payment

of it was within ninety days after June 30th, 1936, so that this appeal was not taken within one month from the time provided for payment as is required by statute.

Under § 424c of the Cum. Sup. 1935, the tax return of the plaintiff was due within ninety days after the end of its fiscal year, June 30th, 1936, and under § 431c the tax was due and payable upon the last day for filing the return. "Upon the filing of such return, the full amount of the tax payable, as the same shall be computed by the taxpayer, shall be paid to the tax commissioner. . . ." The same section provides, further, that the commissioner shall, as soon as possible after the filing of the return, examine it and, in case any error shall be disclosed by such examination, shall notify the taxpayer and the state comptroller thereof. Within thirty days of the mailing of such notice, the taxpayer shall pay to the commissioner any additional amount of tax shown to be due or shall be paid by the treasurer, upon order of the comptroller, any amount shown to be due it by the corrected return. Section 434c provides that "any taxpayer, having paid any tax as provided by this chapter, aggrieved by the action of the commissioner or his authorized agent in fixing the amount of such tax or in imposing any penalty hereunder, may apply to the commissioner, in writing, within thirty days after the notice of such action is delivered or mailed to it, for a hearing and a correction of the amount of the tax or penalty so fixed, setting forth the reasons why such hearing should be granted and the amount in which such tax should be reduced. The commissioner shall promptly consider each such application and may grant or deny the hearing requested. If the hearing be denied, the applicant shall be notified thereof forthwith; if it be granted, the commissioner shall notify the applicant

of the time and place fixed for such hearing. After such hearing the commissioner may make such order in the premises as may appear to him just and lawful, and shall furnish a copy of such order to the applicant. The commissioner may, by notice in writing, at any time within three years after the date when any return of any taxpayer shall have been due, order a hearing on his own initiative. . . ."

Section 435c, which is the statute upon which the plaintiff must rely for its right of appeal, provides that "any taxpayer aggrieved because of any tax laid under the provisions of this chapter may, within one month from the time provided for the payment of such tax, take an appeal therefrom to the Superior Court for Hartford County. . . . Said court may grant such relief as may be equitable, and, if such tax shall have been paid prior to the granting of such relief, may order the treasurer to pay the amount of such relief, with interest at the rate of six per cent per annum to the aggrieved taxpayer."

The plaintiff's claims to a right of appeal under this section and that its appeal was taken in time are based upon a contention that by the refusal of the tax commissioner to correct the plaintiff's tax return a tax was laid under the provisions of the chapter. The term "laid" obviously is used in this and other taxing statutes with the meaning of "imposed." Webster's New International Dictionary, Second Edition. See, for example, § 1201 of the General Statutes, Cum. Sup. 1935, § 375c. A corporation business tax was imposed and therefore laid, in the first instance, by the statute itself (Cum. Sup. 1935, Chap. 66b). The amount of the tax so laid was, as to the plaintiff, determined by the return to the tax commissioner. The General Assembly may well have assumed that a taxpayer would have no occasion to appeal from

the result of its own determination of the amount of its tax. If it denied or was in doubt as to liability to the tax as applied to items of its corporate income it might include a statement of such items in its return but omit them in computing the amount of tax payable, as was done in *Stanley Works* v. *Hackett,* supra, 548. Apparently the situation which the General Assembly had in contemplation in providing by § 435c for appeal was one in which, subsequent to the payment of a tax based upon the original return filed by the taxpayer, the tax commissioner upon the examination by him prescribed by § 424c has so corrected that return as to call for the payment of an additional amount of tax and given the required notice. Likewise, the provision in § 434c for application for a hearing and reduction of tax seems to refer to cases in which the amount of tax has been increased by correction of a return by the commissioner or his agent, or a penalty imposed upon the taxpayer, whereby the latter is aggrieved. We are unable to find in these sections express or implied warrant for their application to any case other than one where the amount of tax has been so fixed by the tax commissioner.

It now appears, from the situation presented by this case, that provision might well have been made also for hearing upon error prejudicial to the taxpayer alleged by it to have been made in its return and, in consequence, in the amount of tax paid, and in § 435c for appeal from refusal of the commissioner to correct the amount and order refund to the taxpayer in any such case where such action is "just and lawful" (§ 434c). Omission to provide means of relief and appeal for a taxpayer who claims to have been so subjected to an excessive tax may have been due to an assumption and expectation that in any

case which, upon being brought to the attention of the tax commissioner, is found to be meritorious, refund would be ordered without resort to remedial proceedings as, it appears in *McMurtry* v. *State,* 111 Conn. 594, 598, 599, 151 Atl. 252, was done as to a succession tax which, subsequent to payment, it developed by the decision in *Wachovia Bank & Trust Co.* v. *Doughton,* 272 U. S. 567, 47 Sup. Ct. 202, had been improperly exacted. The record in the present case does not disclose reason why similar action herein would not have been or would not now be warranted and be both just and proper. The State should no more retain a tax to which it is not legally entitled than should a taxpayer withhold a tax lawfully payable by it. However, the statute does not afford this plaintiff a right of appeal under § 435c from refusal of the tax commissioner to correct its return and refund the amount of the tax here in question, and the plea in abatement was properly sustained.

There is no error.

In this opinion the other judges concurred.