[No. 41534. En Banc. April 1, 1971.]

In the Matter of the Estate of JENNIE GRADY, Deceased. HORACE B. BUTTERFIELD, as Executor, Appellant, v. THE STATE OF WASHINGTON, Respondent.

*Barokas, Martin, Richey & Schaefer*, by *Dale R. Martin*, for appellant.

*Slade Gorton, Attorney General, Henry W. Wager* and *Timothy R. Malone, Assistants*, for respondent.

WRIGHT, J.—This is an appeal from a judgment of the superior court, confirming the findings of the supervisor of inheritance tax. The question presented is whether the State of Washington can impose an inheritance tax upon property which passed under a power of appointment created in the will of a Maryland resident who gave legal ownership of the personal property to a trustee, a bank, in Maryland. The donee of the power was a resident of this state at the time of her death and exercised the power in her will.

Jennie Grady died testate on December 7, 1963, and was donee of a power of appointment created by the will of

George Armistead, a resident of Maryland. She was, at the time of the death of Armistead, also a resident of Maryland, but later moved to Washington where she lived until her death. The power of appointment was exercised in her will by naming a Washington resident, Charles Butterfield, as appointee. The property subject to the power of appointment was a trust estate consisting of intangible personal property valued at $28,114.29, legal title to which was at all times from the death of George Armistead to the death of Jennie Grady vested in the trustee, Safe Deposit and Trust Company of Baltimore, Maryland. The State of Washington imposed an inheritance tax of $7,028.57.

The clause of the Armistead will creating the power of appointment reads:

FOURTH:—I give unto the Safe Deposit and Trust Company of Baltimore the sum of Fifteen Thousand Dollars ($15,000) in trust, to pay out of the income, and from the principal as well, to my sister Susan A. Grady, during her lifetime, or until the principal is exhausted, the sum of Two Thousand Dollars ($2,000) per annum in quarterly installments, accounting from the time of my death; and in further trust, after her death, to hold what shall remain of said principal sum of Fifteen Thousand Dollars ($15,000) and to put out of the income therefrom, and from the principal as well, the sum of Five Hundred Dollars ($500) per annum, in quarterly installments, accounting from the time of the death of my said sister, Susan A. Grady, to her daughter Jennie Grady, so long as she shall live or until the whole of said principal sum shall be exhausted; and in further trust, if any of said principal shall remain at the death of said Jennie Grady, to pay over and deliver the same to such person, or persons, or objects as she, the said Jennie Grady, may or shall declare or appoint by her last will and testament to take the same. If, however, said Jennie Grady shall die during the lifetime of her mother, the said Susan A. Grady, or she, shall die thereafter without exercising said power of appointment, then, on the happening of either of said events, what shall remain of said principal, at the death of her mother, if said Jennie Grady shall die before her, or at the death of said Jennie Grady, if she shall die after her mother without disposing of the principal of

said fund. I give, devise and bequeath to my sisters surviving said contingency and the descendants then living of any deceased sister of mine, *per stirpes* and not per capita.

Respondent claims the right to tax under RCW 83.04.080 which reads:

Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, made either before or after March 21, 1931, such appointment when made shall be deemed a transfer taxable under the provisions of the inheritance tax laws of the state of Washington in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will, except that where the donor was a resident and the donee, at the time the appointment takes effect, is a nonresident, the property to which the appointment relates shall be taxable as having been transferred in the estate of the donor.

The common law regarded property subject to a power of appointment as passing under the will of the donor, creator of the power. The statute, RCW 83.04.080, however, changed the rule. By the terms of the statute, if the donee of the power is a resident of this state, the property subject to the power is treated as a part of donee's estate for tax purposes.

Personal property has its situs at the domicile of the owner. *Blodgett v. Silberman,* 277 U.S. 1, 72 L. Ed. 749, 48 S. Ct. 410 (1927); *Curry v. McCanless,* 307 U.S. 357, 83 L. Ed. 1339, 59 S. Ct. 900, 123 A.L.R. 162 (1939); *In re Estate of Plasterer,* 49 Wn.2d 339, 301 P.2d 539 (1956).

Appellant contends the property involved is not subject to the jurisdiction of the State of Washington. Such contention is contrary to RCW 83.04.080 and to the cases above cited. Personal property owned by a resident of this state is subject to the jurisdiction of this state, and is taxable under RCW 83.04.010 and RCW 83.04.030.

This court passed upon a similar case in *In re Estate of Simonds,* 188 Wash. 211, 61 P.2d 1302 (1936). In speaking of the statute which is now RCW 83.04.080, we said, in part:

This statute is clear, plain and unambiguous, and if the state has the power to levy a tax measured by the personal property of an intangible nature belonging to its citizens, but which is physically outside of its borders, then the right here to tax would seem to follow, because the property in question passed by reason of the will made and probated in this state, and not otherwise; *Orr v. Gilman,* 183 U. S. 278, 22 S. Ct. 213, 46 L. Ed. 196; and also because the law of domicile governs the distribution and taxation of the assets of a decedent. *In re Lyons' Estate,* 175 Wash. 115, 26 P. (2d) 615, and *Farmers Loan & Trust Co. v. Minnesota,* 280 U. S. 204, 50 S. Ct. 98, 65 A. L. R. 1000, from which we quoted in the *Lyons* case. Also, *Baldwin v. Missouri,* 281 U. S. 586, 50 S. Ct. 436, 72 A. L. R. 1303, and *First Nat. Bank of Boston v. Maine,* 284 U. S. 312, 77 A. L. R. 1401.

The property passed not by the original trust agreement, but by the execution of the power of appointment under the clear terms of our statutes, and such statutes have been upheld by the United States supreme court. *Chanler v. Kelsey,* 205 U. S. 466, 27 S. Ct. 550, 51 L. Ed. 882.

Appellant's last contention is in effect that the property subject to the power of appointment forms a different and separate estate from other property of deceased, and is hence taxable at a lower rate. RCW 83.04.080 does not support such a contention.

The judgment is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, and STAFFORD, JJ., and RYAN, J. Pro Tem., concur.