The plaintiff is a Woodbridge automobile dealer and the defendant a West Haven service station operator. On June 27, 1974, and again on May 5, 1975, the plaintiff sold to the defendant new Cadillac Coupe de Ville automobiles. Both bills of sale disclose that no sales tax was collected from the defendant at the time of these transfers. On October 25, 1976, the state tax department assessed sales taxes against the seller[2] on account of those transfers in the amounts of $456 and $341.60, respectively. The plaintiff, having paid these taxes, now seeks reimbursement of these sums pursuant to General Statutes 12-408 (2).[3] The trial court concluded that, since the taxes had not been collected at the time of the transfers, no reimbursement was now available *Page 644 
from the purchaser. The trial court was not asked about, nor did it rule on, the underlying applicability of the sales tax to these transfers, which were apparently construed by at least one of the parties as exempt transactions, i.e., a sale for the purpose of resale within the meaning of the sales tax statute.[4]
While "the ultimate burden of the sales tax falls on the purchaser"; Fusco-Amatruda Co. v. Tax Commissioner, 168 Conn. 597, 601, 362 A.2d 847
(1975); the responsibility for its collection is placed upon the seller. General Statutes 12-408
(1) imposes the tax in the first instance upon the retail seller. General Statutes 12-408 (2) then authorizes a reimbursement to the seller by the purchaser by stating that "[s]uch tax shall be a debt from the consumer to the retailer, when so added to the original sales price, and shall be recoverable at law in the same manner as other debts...." (Emphasis added.)
There is no room for interpretive expansion in deciding the meaning of language in a taxing statute. "Taxing statutes are to be strictly construed." Naylor v. Brown, 166 Conn. 581, 587,353 A.2d 709 (1974). The phrase "when so added to the original sales price" means that the sales tax is to be collected, if at all, at the time of the original transfer. To hold otherwise renders the language of the phrase an unnecessary and useless appurtenance. If, as the appellant contends, the sales tax is collectible at any time after the transfer, the language "when so added to the original sales price" would not be necessary to communicate or impart such a meaning and would serve no purpose. "[S]tatutes should be construed so that no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase in a *Page 645 
legislative enactment." (Emphasis added.) Charlton Press, Inc. v. Sullivan, 153 Conn. 103, 109,214 A.2d 354 (1965).
 There is no error.
In this opinion SHEA and DALY, Js., concurred.